UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
WAUSAU BUSINESS INSURANCE COMPANY,

                Plaintiff,

   -against-

HORIZON ADMINISTRATIVE SERVICES LLC,
BIRCHWOOD SNF LLC d/b/a Buckingham Valley Rehab
and Nursing Center, GNH LLC d/b/a Atlantic Shores
Rehab & Health, GREEN VALLEY SNF LLC d/b/a
Pinnacle Rehab & Health, HORIZON INNOVATIVE
LLC, IROP LLC d/b/a Indian River Rehab & Healthcare
Center Inc., IVY HILL SNF LLC, OPOP LLC d/b/a Ocean
Promenade Nursing Center Inc., RICHBORO SNF LLC
d/b/a Richboro Care Center, ROCKVILLE SKILLED
NURSING & REHABILITATION CENTER LLC, WLOP
LLC d/b/a West Ledge Rehab & Nursing Center, WMOP
LLC d/b/a Achieve Rehab & Nursing Center, Walnut
Mountain Care Center, TAYLOR HEALTH &REHAB
CENTER LLC d/b/a Taylor Nursing & Rehab Center, and
PRECISION HEALTH SERVICES LLC,

                Defendants.
------------------------------------------------------------------- X

**OPINION & ORDER**

10-CV-03316 (RER)

**RAMON E. REYES, JR., United States Magistrate Judge:**

Plaintiff Wausau Business Insurance Company ("Wausau") brought this action against Horizon Administrative Services LLC ("Horizon"), Birchwood SNF LLC ("Birchwood"), Buckingham SNF LLC d/b/a Buckingham Valley Rehab and Nursing Center ("Buckingham"), GNH LLC d/b/a Gowanda Rehab and Nursing Center ("GNH"), Green Valley Terrace SNF LLC d/b/a Atlantic Shores Rehab & Health ("Green Valley Terrace"), Green Valley SNF LLC d/b/a Pinnacle Rehab & Health ("Green Valley"), Horizon Innovative LLC ("Horizon Innovative"), IROP LLC d/b/a Indian River Rehab & Healthcare Center Inc. ("IROP"), Ivy Hill SNF LLC ("Ivy Hill"), OPOP LLC d/b/a Ocean Promenade Nursing Center Inc. ("OPOP"), Richboro SNF

LLC d/b/a Richboro Care Center ("Richboro"), Rockville Skilled Nursing & Rehabilitation Center LLC ("Rockville"), WLOP LLC d/b/a West Ledge Rehab & Nursing Center ("WLOP"), WMOP LLC d/b/a Achieve Rehab & Nursing Center, Walnut Mountain Care Center ("WMOP"), Taylor Health & Rehab Center LLC d/b/a Taylor Nursing & Rehab Center ("Taylor"), and Precision Health Services LLC ("Precision") (collectively, "defendants"). On February 18, 2011, Wausau moved to dismiss defendants' counterclaim and to strike a similarly premised affirmative defense. (Dkt. 28.) The matter is now before me on consent of all parties. (Dkt. No. 39.)[1] For the reasons stated herein, plaintiff's motion is granted in its entirety.

## BACKGROUND

Wausau issued two Workers Compensation and Employers Liability Insurance policies to Horizon—one with a policy period of February 11, 2008 to February 11, 2009 ("2008 Policy"), the other with a policy period of March 11, 2009 to March 11, 2010 ("2009 Policy"). (Compl.[2] ¶¶ 23, 38.) In both policies, Horizon is the first named insured,[3] and Birchwood, Buckingham, GNH, Green Valley Terrace, Green Valley, Horizon Innovative, IROP, Ivy Hill, OPOP, Richboro, Rockville, WLOP, WMOP, Taylor and Precision are named as additional insureds. (Compl. ¶¶ 25-26, 38, 40.) Nine named insureds are either New York corporations, and/or

---

[1] Prior to the parties' consent, the Honorable Dora L. Irizarry had referred the motion to me for a report and recommendation pursuant to 28 U.S.C. § 636(b). (Dkt. Entry, 4/15/2011.)

[2] Citations to "Compl." herein are to the Amended Complaint filed November 30, 2010. Likewise, citations to "Ans." herein are to the Verified Answer filed on January 28, 2011.

[3] In the 2008 Policy, Acadia Management Group appears as the first named insured on the Policy's Information Page. (Affidavit of Marshall T. Potashner ("Potashner Aff."), dated Feb. 18, 2011, Exh. 3.) However, Horizon replaced Acadia Management Group as the first named insured pursuant to endorsement. (Dkt. No. 36-1, Endorsement No. 19.)

corporations with a New York place of business: Horizon, GNH, Horizon Innovative, IROP, OPOP, Rockville, WLOP, WMOP, and Precision. (Compl. ¶¶ 4, 7, 10, 11, 13, 15-17, 19.) Five named insureds are either Pennsylvania corporations, and/or corporations with a Pennsylvania place of business: Birchwood, Buckingham, Ivy Hill, Richboro, and Taylor. (Compl. ¶¶ 5, 6, 12, 14, 18.) Green Valley Terrace and Green Valley are Delaware corporations. (Compl. ¶¶ 8-9.) Both policies were issued from New York, to the first named insured Horizon in New York, and countersigned by Wausau in New York. (*See* Potashner Aff., Exhs. 3 & 4.)

Wausau alleges that defendants failed to pay outstanding premium and assessments due and owing for the 2008 Policy. (Compl. ¶¶ 34-35.) Wausau further alleges that the 2009 Policy was terminated due to defendants' failure to provide a letter of credit, and that defendants failed to pay the amount still due and owing pursuant to the terms of that Policy. (Compl. ¶¶ 44-47.) Wausau seeks payment of the amounts due under both policies, totaling $1,052,070, plus interest and costs and disbursements of the action.

By way of an affirmative defense and counterclaim, defendants contend that Wausau's claims are barred because Wausau did not adequately defend defendants' workers compensation claims, thereby increasing defendants' policy premiums. (Ans. ¶¶ 30-32.) Defendants seek monetary damages and reasonable attorneys' fees. (Ans. ¶¶ 30, 32.)

Before me is Wausau's motion to dismiss this counterclaim and strike the affirmative defense. (Dkt. No. 28.) Plaintiff argues that New York law does not recognize a claim for negligent handling of insurance claims, nor does it allow the same to be asserted as a defense to payment of premiums due and owing. (Memorandum of Law in Support of Motion to Dismiss Defendants' Counterclaim and to Strike Affirmative Defense ("Pl. Mem."), dated Feb. 18, 2011,

3

3.) Defendants concede that their counterclaim and affirmative defense are not cognizable under New York law, but argue nevertheless that because some of the named insureds are domiciled in Pennsylvania and Delaware, New York law does not apply to all defendants. (Memorandum of Law in Opposition to Plaintiffs' Motion to Dismiss Defendants' Counterclaim and to Strike Affirmative Defense ("Def. Mem."), dated Mar. 18, 2011, at 2-3.) Plaintiff replies that New York law applies to disposition of the entire action, regardless of the domicile of some of the named insureds. (Wausau's Reply Memorandum of Law in Further Support of Motion to Dismiss Defendants' Counterclaim and to Strike Affirmative Defense ("Pl. Reply Mem."), dated Apr. 1, 2011, at 2.)

## DISCUSSION

**I.  Standards for Motion to Dismiss and Motion to Strike Defenses**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim if the pleading "fail[s] to state a claim upon which relief can be granted." In order to survive a motion to dismiss, the pleading must contain sufficient factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, if a claim or counterclaim fails to state "a legally cognizable right of action," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To strike an affirmative defense as insufficient pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court must first find that there are no substantial questions of law or fact that might allow the defense to succeed, and second that the plaintiff would be prejudiced if the affirmative defense remained in the pleadings. *Coach, Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010). As to the first part of the inquiry, the standards for dismissal pursuant

to Rule 12(b)(6) generally apply. *See id.* Therefore, if an affirmative defense is not available as a matter of law, the first part of the inquiry is complete. *See, e.g.*, *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 112-14 (S.D.N.Y. 2005) (striking "unclean hands" defense where it was unavailable to defendant as a matter of law). The court must then turn to the question of prejudice to plaintiff. Increased time and expense of litigation may constitute sufficient prejudice to strike an affirmative defense. *Coach, Inc.*, 756 F. Supp. 2d at 425; *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) ("Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.").

Here, defendants concede that their counterclaim and affirmative defense for negligent handling of workers' compensation claims are not legally cognizable under New York law. (*See* Def. Mem. at 4.) Likewise, plaintiff apparently concedes that under Pennsylvania and Delaware law, defendants' counterclaim and affirmative defense are cognizable. (*See generally* Pl. Reply Mem.) Therefore, the only question is which law applies.

If New York law applies, then even accepting as true the claim that Wausau negligently handled claims, defendants are entitled to no relief, and the counterclaim should be dismissed. Similarly, their affirmative defense would fail as a matter of law satisfying the first part of the Rule 12(f) inquiry. Undoubtedly, the burden and cost of undertaking discovery on the issue of Wausau's claims handling constitutes sufficient prejudice to warrant striking the affirmative defense here if it is not availing. If, however, Pennsylvania and Delaware law apply to some (or all) defendants, the counterclaim and affirmative defense should remain as to those defendants.

5

## II. Standards for New York's Choice of Law Analysis

As this Court's jurisdiction is based on diversity, New York's choice of law analysis applies. *See Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 582 (2d Cir. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). In undertaking the choice of law analysis, New York courts first address whether an actual conflict of laws exists. *In re Allstate Ins. Co. (Stolarz)*, 81 N.Y.2d 219, 223 (1993).

Where a true conflict exists, New York courts look to see which jurisdiction has the greatest interest in the litigation using a "center of gravity" or "grouping of contacts" approach. *Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) (citing *Auten v. Auten*, 308 N.Y. 155, 160 (1954)). Using this approach, the court weighs the contacts each jurisdiction has to the transaction and the parties to determine which relationship is most significant. Factors to consider include: the place of contracting, the place of negotiation and performance, the location of the subject matter of the contract, and the domicile or place of business of the contracting parties. *Maryland Cas. Co.*, 332 F.3d at 151-152.

> As to insurance contracts specifically, significance has been attached to the "'local law of the state which the parties understood was to be the principal location of the insured risk . . . unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 [of the Restatement] to the transaction and the parties[.]'"

*Eagle Ins. Co. v. Singletary*, 279 A.D.2d 56, 59 (2d Dep't 2000) (quoting *Zurich Ins. Co. v. Shearson Lehman Hutton*, 84 N.Y.2d 309, 318 (1994), quoting Restatement (Second) of Conflict of Laws § 193).

Where the "principal location of the insured risk" is unclear because the insured risks are equally spread across many states, New York courts generally substitute the "principal location

of the insured risk" with the insured's domicile. *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 22-23 (1st Dep't 2006). In *Foster Wheeler*, the court explained that substituting the location of the risk with the insured's domicile advanced the same governmental interests as applying the law of the principle location of the risk, conformed to the parties' expectations in choosing one jurisdiction which tied all the parties together, promoted "certainty, predictability and uniformity of result" and "ease in the determination and application of the law to be applied," and "minimize[d] the likelihood that contemporaneous policies [would] be deemed governed by the laws of different states." *Id.* at 22-24 (quotations and citations omitted).

Courts frequently consider all contacts instead of simply applying the law of the "principle location of the risk" or insured's domicile as a matter of course—according due weight, however, to this important factor as part of the inquiry. *See, e.g.*, *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 152 (2d Cir. 2008) (noting that "location of the insured risk" and principal place of business were arguably California, but applying New York law because the weight of other factors pointed strongly toward New York); *Cont'l Cas. Co. v. Am. Home Assurance Co.*, No. 05 Civ. 7874, 2010 WL 2926224, *2-3 (S.D.N.Y. July 22, 2010) (applying law of insured's domicile only after considering all contacts to insurance policy and finding no other jurisdiction had sufficient contacts to overcome its application); *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, No. 08 Civ. 1316, 2009 WL 137055, *5-6 (S.D.N.Y. Jan. 21, 2009) (declining to find that *Foster Wheeler* created a "bright-line rule" that insured's domicile controls without exception or consideration of other factors, and considering all contacts).

### III. New York Law Applies to All Defendants

The parties agree that an actual conflict of laws exists: New York law does not recognize the counterclaim/affirmative defense asserted here, Delaware and Pennsylvania law does.[4] As such, each jurisdictions' contacts with these insurance policies must be considered.

#### A. One State's Law Must Apply to Each Policy

Defendants urge the Court to strictly apply the law of each named insured's domicile to the policies—thus, requiring the court to apply the laws of three separate jurisdictions to each insurance policy. Defendants argue that *Foster Wheeler* requires this result; however, they cite no precedent for applying multiple states' laws to a single insurance policy, and I have found none either. All of the cases cited by defendants addressed a policy with only one named insured and applied the law of only one state. *Foster Wheeler*, 36 A.D.3d at 25 (applying only the law of New Jersey); *O'Neill v. Yield House Inc.*, 964 F. Supp. 806, 810 (S.D.N.Y. 1997) (applying only the law of New Hampshire); *Fireman's Fund Ins. Co. Inc. v. Schuster Films Inc.*, 811 F. Supp.

---

[4] Independent research confirms the parties' agreement. *See Liberty Mut. Ins. Co. v. Precision Valve Corp.*, 402 F. Supp. 2d 481, 487-88 (S.D.N.Y. 2005) (collecting New York state and federal cases that preclude policyholder from asserting defense or alleging claim for retrospective premiums by attacking handling, defending, or settling of claims); *Ins. Co. of Greater New York v. Glen Haven Residential Health Care Facility Inc.*, 253 A.D.2d 378, 378 (1st Dep't 1998) ("New York has never recognized a cause of action or defense for breach of an insurer's implied covenant of good faith and fair dealing where, as here, it is alleged that an insurer's failure to reasonably investigate claims made against the insured results in an increased retrospective premium."); *Liberty Mut. Ins. Co. v. Marty's Exp., Inc.*, 910 F. Supp. 221 (E.D.Pa 1996) (applying Pennsylvania law and allowing a defense similar to that asserted here); *Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 440-442 (Del. 2005) (recognizing an implied covenant of good faith and fair dealing in insurance contracts).

978, 984 (S.D.N.Y. 1993) (applying only the law of New York).[5] The additional cases I have found that apply *Foster Wheeler* similarly addressed policies with only a single named insured, and applied the law of only one state to each policy. *See, e.g.*, *Cont'l Cas. Co.*, 2010 WL 2926224 at *3 (applying only the law of Pennsylvania); *Appalachian Ins. Co. v. Gen. Electric Co.*, 20 Misc. 3d 1122(A) (Table Decision), *available at* 2008 WL 2840354, *6 (N.Y. Sup. Ct. July 17, 2008) (applying only the law of New York); *cf. Gerling Am. Ins. Co. v. Steadfast Ins. Co.*, No. 00 Civ. 7907, 2001 WL 936288, *2 n.6 (S.D.N.Y. 2001) (pre-*Foster Wheeler* case finding that where multiple insureds were domiciled in different states and covered under one policy, only one state's law applied to the interpretation of the policy).

Indeed, defendants' interpretation undermines, in part, the reasons for replacing the "principal location of the insured risk" with the "insured's domicile" in multistate risk policies. As explained in *Foster Wheeler*, "making the insured's domicile the primary factor in selecting applicable law minimizes the likelihood that contemporaneous policies will be deemed governed by the laws of different states." 36 A.D.3d at 23. If defendants' position were accepted, the result would be a single policy governed by the laws of different states—precisely what *Foster Wheeler* sought to avoid. Moreover, applying multiple states' laws to the enforcement of a single

---

[5] To support their position, defendants also quote *Zurich*, 84 N.Y.2d at 318 (reciting the "location of the insured risk" principal of Section 193 of the Second Restatement of Conflicts), also quoted herein. Defendants isolated use of this language ignores the rest of the *Zurich* opinion. In *Zurich*, the parties disputed what the "location of the insured risk" actually was. Notably, the defendant's position in that case would have required the Court to apply multiple jurisdictions' laws to the single insurance policy at issue. *Id.* Rather than resolve this debate, the Court found instead that New York's strong public policy against insurance indemnification for punitive damages weighed heavily in favor of applying its law to the dispute regardless of the location of the insured risk. *Id.* at 318-19. Neither party here argued that the strong public policy of any single state outweighs other contacts or considerations.

insurance policy "defies . . . the law. . . as well as the traditional concerns of judicial economy and uniformity." *Maryland Cas. Co.*, 332 F.3d at 152. The "center of gravity" analysis is designed to aid the court in choosing the (single) jurisdiction with the greatest interest in applying its law to a single insurance policy. *See id.* at 152-53; *Appalachian Ins. Co.*, 2008 WL 2840354 at *5 (explaining that "well-established New York law . . . requires courts to apply the law of *one* state with the most significant contacts to the dispute") (emphasis added).

Setting aside the general problem with interpreting a single policy under the laws of several states, defendants' argument is particularly troubling in light of the specific provisions of the policies at issue here. Retrospective premium, under these policies, is not calculated separately if more than one insured is covered. Rather, the premium is determined for all insureds combined. (Potashner Aff., Exhs. 3 & 4, "Retrospective Premium Endorsement Large Risk Alternative Rating Option" Endorsements A.) The named insureds are then jointly and severally liable for payment of the entire premium due under each policy. (*Id.* at B.3.) Additionally, the policy provides that the first named insured will act on behalf of all insureds to change the policy, receive return premium, and give or receive notice of cancellation. (Potashner Aff., Exhs. 3 & 4, "Workers Compensation and Employers Liability Insurance Policy" Part Six, E.) Each policy treats the insureds as one when it comes to the calculation, payment, and return of premium. In light of these facts and the law, the Court must choose one state's law to apply to each insurance policy, and thus to all defendants' counterclaims and defenses.

B. <u>New York has the Most Significant Contacts with Both Policies</u>

As plaintiff notes, nine of the sixteen named insureds are New York domiciliaries—with the remaining seven split between Pennsylvania and Delaware. Other than that certain insureds

are domiciled in Pennsylvania and Delaware, defendants fail to note any other relevant contacts that would weigh in favor of applying either states' law to this dispute. Wausau, though not a New York corporation, is a corporation authorized to do business in New York. Additionally, both policies were issued from New York to New York (Horizon), and countersigned in New York. Significantly, Horizon—the first named insured, the "Sole Representative," and the only insured entitled to collect return premium—is domiciled in New York. Under these facts where not only the majority of insureds are located in New York, but also the first named insured is located here, the balance of contacts tips in favor of applying New York law. *See, e.g.*, *Gerling America Ins. Co.*, 2001 WL 936288 at *2 n.6 (applying New York law where first named insured was domiciled in New York, even though the other insureds were all domiciled in Pennsylvania).[6]

---

[6] I asked Wausau to submit the endorsements that added the additional named insureds to the Policies, and invited either party to submit additional portions of the Policies that might be relevant, but that were not yet before me. Plaintiff submitted an endorsement to the 2009 Policy that changed it from a large risk alternative rating option policy (retrospective rating plan) to a guaranteed cost policy (prospective rating plan). Plaintiff noted that as a prospective rating plan, defendants' counterclaim and affirmative defense "do not even make[] sense." Wausau's point rings true. In a guaranteed cost policy, the outcome of workers compensation claims does not factor into premium calculations. Rather, premium under a guaranteed cost policy is set at a rate agreed upon at the inception of the policy, subject to change based only on the exposure base. It is the exposure that determines the premium, not actual loss. As is the case, negligent claims handling would not increase premium. However, plaintiff failed to make this point in its initial motion, leaving defendants without the opportunity to respond. In any event, the point is moot as I find New York law applies to both policies.

## CONCLUSION

Accordingly, plaintiff's motion is granted in its entirety, and defendants' counterclaim and affirmative defense premised on negligent handling of claims are dismissed.

**Dated:** Brooklyn, New York
July 21, 2011

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**